RECORD NO. 14-4598

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

## v.

## MICHAEL WAYNE OSBORNE,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

_____

**BRIEF OF APPELLANT**
_____

**Wm. Grayson Lambert**
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
**201 North Tryon Street, Suite 3000**
**Charlotte, North Carolina  28202**
**(704) 343-2367**

*Counsel for Appellant*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF JURISDICTION ........................................................1

STATEMENT OF THE ISSUES ............................................................1

STATEMENT OF THE CASE ...............................................................2

    I.    The offense conduct .................................................................2

    II.    Plea and sentencing ................................................................3

    III.    Osborne's efforts to appeal .....................................................4

SUMMARY OF ARGUMENT ...............................................................5

ARGUMENT .......................................................................................7

    I.    The Court should consider the merits of Osborne's appeal, despite the fact that his notice of appeal was not timely filed .............7

        A.    Standard of review ..................................................7

        B.    This Court should consider the merits of Osborne's appeal ...............................................................7

    II.    The district court committed procedural error by failing to explain adequately the basis for imposing the fifteen-year term of supervised release .......................................................11

        A.    Standard of review ..................................................11

        B.    The district court failed to offer an adequate explanation for the fifteen-year term of supervised release .........................12

1. The district court never addressed Osborne's argument about Dr. Warren's report ............................12

2. The district court's error was not harmless ...................18

III. The fifteen-year supervised release is substantively unreasonable because it is substantially longer than is necessary to achieve the purposes of 18 U.S.C. § 3553(a)..................................19

A. Standard of review ..................................................................19

B. Osborne's term of supervised release is substantively unreasonable because a shorter term of supervised release would have adequately met the objectives of the § 3553(a) factors ......................................................................20

CONCLUSION ........................................................................................22

REQUEST FOR ORAL ARGUMENT ..................................................22

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aikens v. Ingram,*
        652 F.3d 496 (4th Cir. 2011) ...............................................................9

*Choice Hotels Int'l, Inc. v. Goodwin & Boone,*
        11 F.3d 469 (4th Cir. 1993) ...............................................................9

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.,*
        616 F.3d 413 (4th Cir. 2010) ...........................................................9

*Gall v. United States,*
        552 U.S. 38 (2007)..............................................................11, 16, 17, 19

*Houston v. Lack,*
        487 U.S. 266 (1988)..........................................................................8

*Rita v. United States,*
        551 U.S. 338 (2007)....................................................................12, 17

*Teague v. Lane,*
        489 U.S. 288 (1989)........................................................................10

*United States v. Abu Ali,*
        528 F.3d 210 (4th Cir. 2008) .........................................................19

*United States v. Adepoju,*
        756 F.3d 250 (4th Cir. 2014) ...........................................................7

*United States v. Battle,*
        499 F.3d 315 (4th Cir. 2007) .........................................................16

*United States v. Boulware,*
        604 F.3d 832 (4th Cir. 2010) .........................................................18

*United States v. Breit*,
  754 F.2d 526 (4th Cir. 1985) ........................................................................7

*United States v. Buchanan*,
  638 F.3d 448 (4th Cir 2011) .......................................................................21

*United States v. Carter*,
  564 F.3d 325 (4th Cir. 2009) ......................................................12, 16, 17

*United States v. Degraffenreid*,
  547 F. App'x 250 (4th Cir. 2013) ...............................................................15

*United States v. Emmett*,
  749 F.3d 817 (9th Cir. 2014) ......................................................................17

*United States v. Hargrove*,
  701 F.3d 156 (4th Cir. 2012) ......................................................................11

*United States v. Hernandez*,
  603 F.3d 267 (4th Cir. 2010) ......................................................................12

*United States v. King*,
  673 F.3d 274 (4th Cir. 2012) ......................................................................12

*United States v. Lewis*,
  494 F. App'x 372 (4th Cir. 2012) .................................................12, 13, 14

*United States v. Lynn*,
  592 F.3d 572 (4th Cir. 2010) ......................................................................11

*United States v. Mendoza-Mendoza*,
  597 F.3d 212 (4th Cir. 2010) ...............................................................16, 19

*United States v. Montes-Pineda*,
  445 F.3d 375 (4th Cir. 2006) ......................................................................19

*United States v. Perez-Perez*,
  512 F.3d 514 (9th Cir. 2008) ......................................................................15

*United States v. Rivera-Santana,*
    668 F.3d 95 (4th Cir. 2012) ...........................................................19

*United States v. Robinson,*
    460 F.3d 550 (4th Cir. 2006 .........................................................11

*United States v. Savillon-Matute,*
    636 F.3d 119 (4th Cir. 2011) .........................................................18

*United States v. Sharp,*
    436 F.3d 730 (7th Cir. 2006) .........................................................19

*United States v. Simpson,*
    407 F. App'x 716 (4th Cir. 2011)................................................7, 8

*United States v. Slade,*
    631 F.3d 185 (4th Cir. 2011) ...........................................11–12, 18

*United States v. Tejada-Martinez,*
    475 F. App'x 482 (4th Cir. 2012)................................................9, 10

*United States v. Thompson,*
    595 F.3d 544 (4th Cir. 2010) .........................................................17

*United States v. Urutyan,*
    564 F.3d 679 (4th Cir. 2009) ...........................................................8

*United States v. Young,*
    590 F.3d 467 (7th Cir. 2009) .........................................................14

## STATUTES

18 U.S.C. § 2422(b) .................................................................1, 2, 3

18 U.S.C. § 3231 ...........................................................................1

18 U.S.C. § 3553(a) ...................................................6, 13, 19, 20

18 U.S.C. § 3553(a)(2)(B) .....................................................13, 21

18 U.S.C. § 3553(a)(2)(C) ................................................................................13, 21

18 U.S.C. § 3553(c) ..............................................................................................12

18 U.S.C. § 3583(c) .................................................................................13, 20, 21

18 U.S.C. § 3742 .....................................................................................................1

28 U.S.C. § 1291 .....................................................................................................1

## **RULES**

Fed. R. App. P. 4(b) ...................................................................................*passim*

Fed. R. App. P. 4(b)(1).............................................................................................7

Fed. R. App. P. 4(b)(1)(A)(i) ..................................................................................7

Fed. R. App. P. 4(b)(4)....................................................................................7, 8, 9

Fed. R. Crim. P. 11................................................................................................16

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this criminal case under 18 U.S.C. § 3231, in which the Government charged Osborne with two counts of violating 18 U.S.C. § 2422(b).  J.A. 17–18.  The district court entered its final judgment on April 21, 2014, J.A. 68, and Osborne's notice of appeal is dated June 27, 2014, J.A. 80.  This Court has jurisdiction over this direct appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

I.      Whether the Court should consider the merits of Osborne's appeal when the district court found good cause to extend the deadline for filing the notice of appeal the maximum number of days permitted and this Court has a strong preference for deciding cases on the merits.

II.     Whether the district court committed procedural error by failing to explain adequately the basis for the fifteen-year term of supervised release by not addressing one of Osborne's arguments during the sentencing hearing.

III.    Whether Osborne's fifteen-year term of supervised release is substantively unreasonable when a substantially shorter term would have achieved the purposes of supervised release.

## STATEMENT OF THE CASE

Michael Wayne Osborne was charged with two counts of violating 18 U.S.C. § 2422(b).  J.A. 17–18.  After Osborne pled guilty to Count Two of the indictment, J.A. 37, 42–48, the district court sentenced Osborne to 120 months' imprisonment and fifteen years' supervised release, J.A. 68–73.

**I.      The offense conduct.**

Michael Osborne worked as a groundskeeper with the Cabarrus County Schools in North Carolina.  After receiving reports from a parent of a fourteen-year-old boy at one of the Cabarrus County schools that they boy had received text messages by someone named Morgan Rivers but who sounded like Osborne when the boy's parent called the phone number, the Cabarrus County Sheriff's Office executed a search warrant at Osborne's home in Concord, North Carolina.  J.A. 94.

During the search, a detective questioned Osborne, who initially denied knowing anything about a Facebook account under an alias of Morgan Rivers.  J.A. 94.  Osborne later admitted that he had created the account to search for people who jumped bail when he worked part-time as a bail agent and that he had used the account to communicate with teenage boys.  J.A. 94.  The officers found multiple cell phones and laptops during their search.  J.A. 95.  A review of one cell phone revealed text messages between Osborne and the boy discussing topics of a sexual nature.  J.A. 95–96.

2

Osborne was arrested on state criminal charges on October 18.  J.A. 95.  A little over a month later, he was indicted on two counts of violating 18 U.S.C. § 2422(b).  J.A. 17–18.

## II.  Plea and sentencing.

On January 7, 2014, pursuant to a plea agreement, Osborne pled guilty to one count of the indictment.  J.A. 37; *see also* J.A. 42–48 (plea agreement).

After the change of plea hearing, the district court granted Osborne's motion to hire a mental health expert, which resulted in a report from Dr. John Warren, who examined Osborne.[1]  Dr. Warren is a licensed psychologist with a Ph.D. and board certification in forensic psychology.  J.A. 120.  Dr. Warren concluded in his report that Osborne was a "low" risk for reoffending, a "low risk to the community," had a "basic understanding" of society's prohibition on adult-child sexual relationships.  J.A. 111–12.

The sentencing hearing was held on April 3, 2014.  J.A. 49.  Osborne's counsel argued that Osborne had no criminal past and was a responsible person who never truly matured in some ways beyond a fourteen- or fifteen-year-old.  J.A. 53–56.  She also argued that Dr. Warren found Osborne to be a low risk to reoffend and a low risk to the community.  J.A. 56.  Based on these arguments,

---

[1] Although the motion to hire the expert was filed *ex parte* and the order addressing the motion was filed under seal, *see* J.A. 3 (ECF Entry 1/17/2014), the district court had the report in front of it during the sentencing hearing, *see* J.A. 51.

Osborne's counsel requested "whatever leniency" the court could give and specifically no more than the mandatory minimum prison sentence. J.A. 57, 55. The Government noted that Osborne had "abuse[d] a position of trust" and could have faced other charges as well, asking for a longer term of supervised release than the presentence report recommended. J.A. 57–58.

After hearing arguments from Osborne and the Government, the district court imposed a sentence of 120 months' imprisonment. J.A. 61. The court then imposed fifteen years' supervised release, with its full explanation of why it was imposing that term of supervised release less than fifty words: "[The 120-month term of imprisonment] will be followed by a period of supervised release. I am going to order 15 years of supervised release. That's, in large part, based not only on the offense conduct, but the information contained in Dr. Warren's report as well." J.A. 61.[2] The court's judgment was filed on April 21, 2014. J.A. 68.

## III.    Osborne's efforts to appeal.

Osborne filed a motion to extend the time for filing an appeal, J.A. 74–78, along with a notice of appeal, J.A. 80, both dated June 27, 2014. Osborne sought to extend the time in which he could appeal based on the fact that he was unable to communicate with his attorney to instruct her to appeal and that he was unable to

---

[2] The district court spent far more time discussing the conditions of supervised release than the actual term of and basis for supervised release. *See* J.A. 61–65.

obtain the address to mail any notice of appeal. J.A. 75, 77. The district court denied his motion for leave to appeal. J.A. 83. Although the court found good cause to extend the time for filing the notice of appeal by thirty days (the maximum number of days by rule that the court could extend the deadline), the court recognized that Osborne's notice was still twenty-three days late. J.A. 83. In its order, the district court observed that the Fourth Circuit could "override the prescribed time limitations of Rule 4(b), and retain jurisdiction to hear [Osborne's] appeal." J.A. 83. Osborne filed another notice of appeal on July 29, 2014. J.A. 90.

## SUMMARY OF ARGUMENT

*First*, although Osborne filed his notice of appeal late, the Court should still consider the merits of his appeal. The district court found good cause to extend the deadline as many days as it could, and for this Court essentially to extend that deadline another twenty-three days would promote this Court's stated preference for deciding cases on their merits without unsettling the finality of criminal judgments and consuming significant judicial resources.

*Second*, the district court abused its discretion because its imposition of the term of supervised released was procedurally unreasonable. Osborne argued during the sentencing hearing that he was not likely to commit another sexual offense and was a low risk to the community, based on the report from Dr. Warren.

5

The district court never mentioned, much less engaged, with Osborne's argument, which went directly to two important justifications for supervised release. This failure to address a nonfrivolous argument seeking a more lenient sentence was procedurally unreasonable. The sentence should therefore be vacated and the case remanded for resentencing.

*Third*, the fifteen-year term of supervised release is substantively unreasonable. Supervise release is designed to help a person reintegrate into society after a period of incarceration in a way that deters the person from committing further criminal conduct and that protects the public. Given Dr. Warren's determinations about Osborne's low risk of recidivism and low risk to the community, a fifteen-year term of supervised release (particularly when combined with the ten-year term of imprisonment) is excessive, given the goals of supervised release and the relevant statutory factors under 18 U.S.C. § 3553(a). Therefore, even if term of supervise release is procedurally reasonable, it should be still be vacated, and the case should be remanded for resentencing.

# ARGUMENT

**I.   The Court should consider the merits of Osborne's appeal, despite the fact that his notice of appeal was not timely filed.**

### A.   Standard of review.

This Court reviews legal conclusions *de novo* and any factual findings underlying those conclusions for clear error.  *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014).  A district court's decision to extend the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b) is reviewed for abuse of discretion.  *United States v. Simpson*, 407 F. App'x 716, 717 (4th Cir. 2011) (citing *United States v. Breit*, 754 F.2d 526, 528–29 (4th Cir. 1985)).

### B.   This Court should consider the merits of Osborne's appeal.

Although Osborne's notice of appeal was not filed within the time required by Federal Rule of Appellate Procedure 4(b)(1), this Court should decide this case on the merits because the district court's order on Osborne's motion for an extension of time found good cause to extend the deadline by the maximum number of days that the court could under Rule 4(b)(4) and this Court has repeatedly indicated its preference for deciding cases on the merits, rather than on procedural technicalities.

Under Federal Rule of Appellate Procedure 4(b)(1), a criminal defendant must file a notice of appeal within fourteen days after the district court's entry of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).  A district court may extend this deadline

by up to thirty days upon a finding of good cause.  Fed. R. App. P. 4(b)(4).  Even if a defendant fails to file a notice of appeal by the deadline, this Court may nevertheless hear the appeal because "the non-statutory time limits in Appellate Rule 4(b) do not affect subject-matter jurisdiction."  *United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009).

Here, Osborne's notice of appeal was not filed within fourteen days of the district court's entry of judgment on April 21, 2014.  Osborne filed a notice of appeal and a motion to extend the time to file an appeal, both dated June 27, 2014.  *Cf. Houston v. Lack*, 487 U.S. 266 (1988) (adopting the prisoner mailbox rule).  The district court found good cause to extend the deadline by thirty days based on Osborne's motion, but ultimately the court denied the motion for leave to appeal because the notice of appeal was still untimely filed after the district court extended the deadline.  J.A. 83.  The court noted that Osborne could appeal to this Court, which could "override the prescribed time limitations of Rule 4(b)."  J.A. 83.

This Court should override the nonstatutory time limits of Rule 4(b).  The district court already found that good cause existed to extend the deadline, a finding entitled to deference from this Court.  *See*, *e.g.*, *Simpson*, 407 F. App'x at 717.  Osborne's motion clearly indicates a desire to appeal and that his ability to appeal timely was hindered by a breakdown in communication with his district

court counsel.  J.A. 74.  Whatever the cause of the breakdown,[3] the district court concluded that Osborne had shown good cause to extend the deadline by the full thirty days permitted by Rule 4(b)(4).  J.A. 83.  For this Court essentially to extend that deadline by an additional twenty-three days to decide this case on the merits would simply be recognizing the soundness of the district court's finding of good cause for initially extending the deadline and that nothing in the delay has been "inordinate."  *United States v. Tejada-Martinez*, 475 F. App'x 482, 483 (4th Cir. 2012) (holding that a delay of fifty-two days was not inordinate).

Moreover, deciding this case on the merits is in accord with this Court's "strong preference that cases be decided on their merits."  *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993); *see also Aikens v. Ingram*, 652 F.3d 496, 523 (4th Cir. 2011) (Davis, J., dissenting) (recognizing "this court's strong preference that cases be decided on their merits"); *cf. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").  Not invoking the time bar of Rule 4(b) gives effect to this strong preference.

---

[3] The record is unclear on exactly what happened, and undersigned counsel does not want to speculate as what transpired between Osborne and his former attorney.  Osborne asserted in his motion that he was not told of his right to appeal, J.A. 74, 77, while at the sentencing hearing, Osborne's counsel indicated she had had an opportunity to discuss Osborne's right of appeal with him, J.A. 65–66. Nothing in the record appears to resolve these contradictory statements.

No other considerations outweigh this preference. First, although finality in criminal cases is important, *see*, *e.g.*, *Teague v. Lane*, 489 U.S. 288, 309 (1989), those concerns have little relevance here, as Osborne is trying to have this Court hear a direct appeal of his sentence, and he was simply about three weeks late in filing his notice of appeal—a delay due to a breakdown in communication with his attorney who was representing him in the district court.

Second, this case will consume relatively little judicial resources if the Court decides it on the merits. This Court has noted that the implication of judicial resources may be a reason to deny hearing an appeal that was filed after the Rule 4(b) deadline. *See Tejada-Martinez*, 475 F. App'x at 483. But all cases involve some judicial resources. The fact that the Court hears *any* cases in which the notice of appeal was not timely filed indicates this consideration must necessarily weigh the complexity of a case. Here, this case is not especially complex, either in its facts or legal issues, so hearing this case will not consume significant judicial resources.

Therefore, this Court should not enforce the time bar of Rule 4(b), and it should consider the merits of Osborne's appeal.

**II.    The district court committed procedural error by failing to explain adequately the basis for imposing the fifteen-year term of supervised release.**

**A.    Standard of review.**

This Court reviews a district court's imposition of a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The first step of this reasonableness analysis is for procedural reasonableness: The Court considers whether the district court committed any "significant procedural error, such as . . . failing to adequately explain the chosen sentence." *Id.*

Osborne's counsel asked the court "to exercise whatever leniency it can in regards to [Osborne's] case." J.A. 57. That leniency would necessarily include a term of supervised release at the low end of the Guidelines range. Thus, this issue should be reviewed for abused of discretion.

In addition to this Court's review for abuse of discretion, any procedural error is subject to harmless error review. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). To prevail on harmless error review, "the government must show that an error did not affect a defendant's 'substantial rights.'" *United States v. Hargrove*, 701 F.3d 156, 161 (4th Cir. 2012) (quoting *United States v. Robinson*, 460 F.3d 550, 557 (4th Cir. 2006)). A sentencing error "affects substantial rights if, 'absent the error, a different sentence might have been imposed.'" *United States*

11

*v. Slade*, 631 F.3d 185, 190 (4th Cir. 2011) (quoting *United States v. Hernandez*,

603 F.3d 267, 273 (4th Cir. 2010)).

**B. The district court failed to offer an adequate explanation for the fifteen-year term of supervised release.**

**1. The district court never addressed Osborne's argument about Dr. Warren's report.**

To provide a sufficient explanation for imposing a particular sentence, a

"district court must 'state in open court' the particular reasons supporting its

chosen sentence." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)

(quoting 18 U.S.C. § 3553(c)). The court "should set forth enough to satisfy the

appellate court that [it] has considered the parties' arguments and has a reasoned

basis for exercising his own legal decisionmaking authority." *Id.* (quoting *Rita v.*

*United States*, 551 U.S. 338, 356 (2007)); *see also United States v. King*, 673 F.3d

274, 283 (4th Cir. 2012) ("Every sentence requires an adequate explanation."). As

part of this requirement, "[w]hen the defendant 'presents non-frivolous reasons' for

a sentence different from the one the court imposes, the court is expected to

provide at least 'a brief explanation' . . . of its reasons for rejecting the defendant's

argument." *United States v. Lewis*, 494 F. App'x 372, 374 (4th Cir. 2012) (quoting

*Rita*, 551 U.S. at 357)).

During the sentencing hearing, Osborne's counsel specifically argued that

"Dr. Warren assesse[d Osborne] as a low risk to the community" and "a low risk of

offense." J.A. 56. The district court's only reference to Dr. Warren's report when imposing the sentence was during its discussion of the term of supervised release, when the court said that term was imposed "in large part, based not only on the offense conduct, but the information contained in Dr. Warren's report as well." J.A. 61.

Osborne's argument based on Dr. Warren's report was particularly relevant to what term of supervised released was warranted. When a court considers a term of supervised release, § 3583(c) instructs the court to consider certain § 3553(a) factors, including the need to deter future criminal activity and to protect the public from further crimes by the defendant. *See* 18 U.S.C. § 3583(c) (instructing a court to consider, *inter alia*, the factors in § 3553(a)(2)(B) and (C)). Given that Osborne's argument was drawn from an expert's report and was directly related to these two important factors on which a term of supervise release should be determined, this argument was far from frivolous.

Because this argument was not frivolous, the district court needed to address it to provide the required individualized assessment at sentencing. *See*, *e.g.*, *Lewis*, 494 F. App'x at 374. But the district court failed to do so. During its discussion of the supervised release term, the district court said it was imposing the sentence based on "the information contained in Dr. Warren's report." J.A. 61. Even if some information in the report might support a fifteen-year term of supervised

13

release (and Osborne does not concede that it does), significant conclusions in the report—on which Osborne's argument was based—support a far shorter term of supervised release. *See, e.g.*, J.A. 111–12. The district court, however, never discussed anything about the report, failing to explain why the report supported a fifteen-year term of supervised release.

Furthermore, other than the passing, unexplained reference to the report during the imposition of the term of supervised release, the district court's only other reference to the report was when it sought clarification about what Dr. Warren meant by saying there was "a large degree of commonality" between Osborne and adult male sex offenders, and Osborne's counsel stated that this reference, she believed, was to the deception involved in the communications with minors. J.A. 56–57. This exchange, however, does not go to the specific argument raised by Osborne's counsel, which was far from a "stock argument" that could be disregarded without discussion. *See Lewis*, 494 F. App'x at 374 (holding that "a sentencing judge may reject without discussion 'stock arguments' that are made as a matter of routine" (quoting *United States v. Young*, 590 F.3d 467, 474 (7th Cir. 2009))).

Nor does the district court's discussion of the need to protect the public suffice to address the argument about Dr. Warren's report. *See* J.A. 60. The district court observed that there was evidence that "there is some psychological or

14

mental issue going on that's causing [Osborne] to engage in this kind of conduct"

and that "there is evidence of [Osborne] committing this on more than one

occasion with respect to the conduct." J.A. 60. The district court did not,

however, offer any discussion of Dr. Warren's conclusions that contradict this

evidence. In fact, from the transcript of the hearing, the district court never seems

to have engaged with Osborne's argument about his low risk of recidivism and low

risk to the community when discussing the need to protect the public—both of

which are forward-looking conclusions from Dr. Warren, rather than the

backward-looking statements that the district court referenced, a critical

distinction. Given the specific purposes of supervised release, *see infra* Part III.B,

some discussion of Dr. Warren's forward-looking conclusions was warranted.

Thus, this case is different from other cases in which courts have rejected

procedural reasonableness claims because the record made clear that the district

court had engaged with the defendant's particular arguments. *See*, *e.g.*, *United

States v. Degraffenreid*, 547 F. App'x 250, 251 (4th Cir. 2013) (rejecting a

procedural reasonableness argument because the district court "clearly took into

consideration the specific arguments [the defendant's] attorney made" regarding

sentencing); *United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008)

(holding that a sentence was procedurally reasonable because the fact "[t]hat the

defense's arguments were considered is clear from the transcript of the sentencing

15

proceeding, during which the district court actively questioned and engaged the defense").

Put simply, the district court was obligated to have acknowledged Osborne's argument based on Dr. Warren's report in its individualized assessment and explained, at least briefly, why it did not find the report compelling (if the court did in fact find it not compelling). *See*, *e.g.*, *Carter*, 564 F.3d at 330 ("This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" (quoting *Gall*, 552 U.S. at 50)). Requiring the district court to have addressed Osborne's argument specifically is not "a game of 'Gotcha!' with respect to the sentencing transcripts." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 218 (4th Cir. 2010). Rather, it is necessary to ensure that Osborne—like every criminal defendant—receives the type of individualized assessment to which the Supreme Court has held he is entitled. *See Gall*, 552 U.S. at 50. To provide this individualized assessment, a district court does not need to use "magic words" to indicate that it has addressed and rejected a defendant's argument, *cf. United States v. Battle*, 499 F.3d 315, 322 (4th Cir. 2007) (rejecting the notion that a district court must use "magic words" during a Rule 11 plea colloquy to accept a plea), but a district court is required to make evident that it has addressed and rejected those arguments. Here, the district court failed to do so.

16

Finally, although the Government asked for a term of supervised release higher than what the presentence report recommended, J.A. 58, that does not provide a sufficient basis for this Court to determine that the district court made the necessary individualized assessment required when it sentenced Osborne, *see Carter*, 564 F.3d at 329 ("But the Supreme Court's recent sentencing jurisprudence plainly precludes any presumption that, when imposing a sentence, the district court has silently adopted arguments presented by a party."). The district court never stated that it agreed with the Government's argument on this issue, so the record lacks any context that makes clear what the district court was thinking. *See United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). Without anything in the record to clarify what the district court was thinking, this Court is left without enough to satisfy it that the district court "has considered parties' arguments." *Carter*, 564 F.3d at 328 (quoting *Rita*, 551 U.S. at 356).

Ultimately, a term of supervise release is part of a criminal sentence. Therefore, "explanations are important to preserve public trust in sentencing decisions." *United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014); *see also Gall*, 552 U.S. at 50 (reasoning that an explained sentence is important "to promote the perception of fair sentencing"). Because the district court failed to address Osborne's argument about Dr. Warren's report and thus failed to explain its

sentence adequately, the district court abused its discretion and committed a

procedural error in imposing the term of supervised release.

### 2.    The district court's error was not harmless.

The district court's error was not harmless.  Based on Dr. Warren's

evaluation, two of the primary purposes of supervised release—deterring future

criminal activity and protecting the community—would not be served by a term of

supervised release that was a decade longer than the low end of the Guidelines

range and five years longer than presentence report recommended.  *See United

States v. Boulware*, 604 F.3d 832, 839 (4th Cir. 2010) (recognizing that the

stronger a defendant's argument for why his sentence should be different, the more

likely an error is not harmless).  Given Osborne's argument on this issue, he may

well have been subject to a shorter term of supervised release had the district court

properly considered his argument.  *See Slade*, 631 F.3d at 190 (observing that an

error is not harmless if a different sentence might have been imposed absent the

error).  Moreover, even if the district court chose to impose the exact same term of

supervised release on remand, nothing in the transcript of the sentencing hearing

makes clear that the district court would do so had it addressed the argument based

on Dr. Warren's report.  *Cf. United States v. Savillon-Matute*, 636 F.3d 119, 124

(4th Cir. 2011) (holding that any procedural error in calculating the Guidelines

range was harmless because the district court made clear that it would have

18

imposed the same sentence under the § 3553(a) factors). Osborne's term of supervised release should therefore be vacated, and this case should be remanded for resentencing.

**III.    The fifteen-year supervised release is substantively unreasonable because it is substantially longer than is necessary to achieve the purposes of 18 U.S.C. § 3553(a).**

### A.    Standard of review.

If the Court determines that the district court did not commit a procedural error in imposing a sentence, then the Court must move to the second step of the *Gall* reasonableness analysis: The Court must determine whether the sentence is substantively reasonable. *Gall*, 552 U.S. at 51. "Substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Mendoza-Mendoza*, 597 F.3d at 216. The Court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Rivera-Santana*, 668 F.3d 95, 100–01 (4th Cir. 2012). A sentence that falls within the Guidelines range is presumptively reasonable. *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008). To rebut this presumption, a defendant must "demonstrat[e] that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (quoting *United States v. Sharp*, 436 F.3d 730, 738 (7th Cir. 2006)).

**B.    Osborne's term of supervised release is substantively unreasonable because a shorter term of supervised release would have adequately met the objectives of the § 3553(a) factors.**

Section 3583(c) directs a district court to consider certain factors from § 3553(a) when imposing a term of supervised release.  18 U.S.C. § 3583(c).  Among these factors are the need to deter criminal conduct and the need to protect the public.  *Id.* § 3553(a).

Here, the district court imposed a term of supervised release of fifteen years.  Although this term is within the Guidelines range, when combined with the ten-year prison term, it amounts to twenty-five years of restriction on Osborne's freedom.  That means that Osborne will be sixty-five years old when his supervised release ends.  This fifteen-year term of supervised release is excessive, given the § 3553(a) factors.

Although supervise release is part of the punishment for the original offense, it is different in kind, not degree, from incarceration, which imposes drastically more stringent restrictions on a person's liberty.  Rather than strictly regulating a person's freedom like incarceration, supervise release is designed to help a person transition from incarceration back into society:

> Supervised release is not a punishment in lieu of incarceration.  Rather, it is a unique method of post-confinement supervision that fulfills rehabilitative ends, distinct from those served by incarceration.  The congressional policy in providing for a term of

20

> supervised release after incarceration is to improve the
> odds of a successful transition from the prison to liberty .
> . . .

*United States v. Buchanan*, 638 F.3d 448, 451 (4th Cir. 2011) (internal quotation

marks and citations omitted).  As part of this transition, supervised release should

deter the person from committing crimes and protect the public from the

commission of any crimes.  *See* 18 U.S.C. § 3583(c) (instructing courts to

consider, *inter alia*, § 3553(a)(2)(B) and (C) when imposing a term of supervised

release).

Given the purposes of supervised release, the fact that Dr. Warren—a

licensed psychologist with a Ph.D. and board certification in forensic psychology,

J.A. 120—found that Osborne was a "low risk to the community" and had a "low"

likelihood for "sexual offense recidivism" is significant in determining the

appropriate length of any term of supervised release, J.A. 112.  Someone who

poses a low likelihood of committing future criminal conduct and a low risk to the

community simply does not need to spend fifteen years subject to supervised

release.  Osborne can be reintegrated into society far more quickly than that,

without posing a serious risk to others.

Accordingly, shorter term of supervised release—applicable after the ten-

year prison term ends—would have sufficiently protected the community and

deterred future criminal activity.  Because a term of fifteen years was unnecessary

to achieve the purposes of supervise release, this term is substantively unreasonable. The term of supervise release should therefore be vacated, and the case remanded for resentencing.

## **CONCLUSION**

The Court should vacate Osborne's term of supervised release and remand the case for resentencing on the term of supervised release.

## **REQUEST FOR ORAL ARGUMENT**

Osborne respectfully requests oral argument.

Respectfully submitted,

/s/ Wm. Grayson Lambert
Wm. Grayson Lambert
McGuireWoods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Direct Dial: 704-343-2367
Direct Fax: 704-444-8738
glambert@mcguirewoods.com

## <u>CERTIFICATE OF COMPLIANCE</u>

1.  This brief complies with the type-volume limitation of Fed. R. App. P.
    28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*4,984*] words, excluding the parts of the brief
    exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number
    of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
    32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P.
    32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using
    [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state
    name and version of word processing program*] with [*state number of
    characters per inch and name of type style*].


Dated: October 29, 2014                    /s/ Wm. Grayson Lambert
                                           *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 29th day of October, 2014 I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

> Anand P. Ramaswamy
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgeworth Street, 4th floor
> Greensboro, North Carolina  27401
> (336) 333-5351
>
> *Counsel for Appellee*

I further certify that on this 29th day of October, 2014, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court and a copy of the Sealed Volume of the Joint Appendix to be served,

via UPS Ground Transportation, upon counsel for the Appellee, at the above

address.

/s/ Wm. Grayson Lambert
*Counsel for Appellant*
